IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARD ZAVALUNOV, | Civil No. 3:19-cv-453 |
| Plaintiff | (Judge Mariani) |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants | |

**MEMORANDUM**

Presently before the Court are two motions (Docs. 15, 26) for preliminary injunction filed by Plaintiff Eduard Zavalunov ("Zavalunov"), an inmate currently confined at the Allenwood, Low Security Correctional Institution ("LSCI-Allenwood") in White Deer, Pennsylvania. For the reasons set forth below, the Court will deny the motions for preliminary injunction.

**I.  Legal Standard**

Inmate *pro se* pleadings which seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994)). In determining whether to grant a motion seeking preliminary injunctive relief, the Court

considers the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). The Third Circuit clarified this standard. *See Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017). As a threshold matter, the movant must establish the two "most critical" factors: likelihood of success on the merits and irreparable harm. *Id.* at 179. Under the first factor, the movant must show that "it can win on the merits," which requires a showing that is "significantly better than negligible but not necessarily more likely than not." *Id.* Under the second factor, the movant must establish that it is "more likely than not" to suffer irreparable harm absent the requested relief. *Id.* Only if these "gateway factors" are satisfied may the court consider the third and fourth factors and "determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 176, 179.

## II. Discussion

Zavalunov initiated this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Named as Defendants are the United States of America, the Federal

2

Bureau of Prisons ("BOP"), and the following BOP employees in their official capacities: D.K. White, Warden, Arleen Garcia-Haupt, Institution Hearing Program Assistant, and Hugh Hurwitz, BOP Director. In the amended complaint, Zavalunov contends that he was improperly referred to the United States Immigration and Customs Enforcement ("ICE") for deportation proceedings, and a detainer was lodged without the required detainer action letter and warrant. (Doc. 25). He further alleges that the ICE detainer precludes him from consideration for a Residential Reentry Center and participation in the Residential Drug Abuse Treatment Program. (*Id.*).

In the instant motions, Zavalunov seeks injunctive relief to enjoin Defendants from processing detainers without appropriate forms in violation of policy and federal regulation, and to remove the ICE detainer from his record. (Docs. 15, 26). The Court finds that Zavalunov cannot meet the heavy burden of establishing that injunctive relief is warranted.

### A. Likelihood of Success on the Merits

The amended complaint seeks, *inter alia*, injunctive relief against the Defendants, however such relief is not authorized under the FTCA. *See Priovolos v. F.B.I.*, 632 F. App'x 58, 59 n.1 (3d Cir. 2015) (citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (recognizing that the FTCA does not authorize federal courts to issue declaratory judgments and injunctions against the United States)). As such, Zavalunov's request for preliminary injunctive relief does not establish a reasonable

likelihood of success on the merits of his claim for injunctive relief because the Court may not grant injunctive relief under the FTCA against the United States. *See Michtavi v. United States*, 345 F. App'x 727, 730 n. 4 (3d Cir. 2009) (citing *Hatahley v. United States*, 351 U.S. 173, 182 (1956) (a district court does not possess power under the FTCA to enjoin the United States)).

## B. Irreparable Harm

Irreparable injury is harm of such an irreversible character that prospective judgment would be "inadequate" to make the moving party whole. *See Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). An injunction will not issue "simply to eliminate a possibility of a remote future injury . . ." *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994) (citations omitted). Zavalunov has not presented any evidence that he will suffer irreparable harm by the denial of the injunctions. On the contrary, Zavalunov can file a habeas petition challenging the ICE detention and deportation orders. *See Ziglar v. Abbassi*, 137 S. Ct. 1843, 1862-63 (2017) (finding injunctive relief and a habeas remedy can constitute alternative methods of relief). Thus, the Court finds that Zavalunov has not shown an immediate, irreparable harm justifying a preliminary injunction.

Because Zavalunov failed to "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted," the motions must be denied.

4

*Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original) (quoting *Morton v. Beyer*, 822 F.2d 364, 367 (3d Cir. 1987)).

## III. Conclusion

Based on the foregoing, the Court will deny the motions (Doc. 15, 26) for preliminary injunction. A separate Order shall issue.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

Dated: January 2, 2020